## In re "Roosevelt Protectives"

*Caldwell, Fox & Stoner* and *William F. Berkowitz*, for exceptants.

Fox, J., September 28, 1932.—This matter comes before us upon a petition objecting to nomination papers and asking that the said nomination papers be stricken off and that the Secretary of the Commonwealth be directed not to certify to the County Commissioners of Philadelphia County the names of John L. Brand and William Betz, Jr., as candidates of a party known as "Roosevelt Protectives".

The petition in substance sets forth that the petitioners, qualified electors of the nineteenth legislative district and the preëmptors of a certain political

party under the name or title "Roosevelt Progressive Party," filed on July 23, 1932, in the office of the Prothonotary of Dauphin County an affidavit setting forth that they had adopted the appellation "Roosevelt Progressive Party" to designate their policy and on the same day filed with the Secretary of the Commonwealth nomination papers with the required number of signatures, placing in nomination two members of their party for the office of representative in the General Assembly from the nineteenth district; that by having filed said papers in accordance with the provisions of the Act of July 9, 1919, P. L. 855, they had the exclusive right to use the said name or appellation for the election to be held on November 8, 1932; that on August 26, 1932, there was filed in the office of the Prothonotary of Dauphin County an affidavit of certain parties alleging that they had adopted the political appellation of "Roosevelt Protectives" and on the same day they filed in the office of the Secretary of the Commonwealth certain nomination papers placing in nomination the names of the aforesaid John L. Brand and William Betz, Jr., as candidates for the office of representative in the General Assembly under the name of "Roosevelt Protectives"; that the filing of the latter papers was done for the purpose and intent of deceiving and defrauding the voters of the nineteenth legislative district and in bad faith, in that the similarity of names would so deceive the voters.

No answer was filed to this petition and objection.

A hearing was had at which the parties were represented.

This case is ruled by what this court, through Weiss, J., said in the case of Barnes's and Heydrick's Nominations, 10 Dist. R. 681. In that case nominations were made by the Socialist-Labor Party, and also by the Socialist Party. Objections were made to the latter on the ground of similarity of names and it was held that the Socialist-Labor Party, having in all respects complied with the statute relating thereto, was entitled to the exclusive use of that name and the objections were sustained because the party appellations were so akin to each other that the voter might easily be misled or confused in casting his vote. The court inter alia said:

"At all events, the appellations Socialist-Labor Party and Socialist Party are so akin to each other that the voter may easily be misled or confused in casting his vote, and that is what the ballot law aims to avoid. The Socialist-Labor Party having the exclusive right to the use of that political appellation, and the Socialist Party being so closely allied to it in designation of name as to misguide rather than instruct the voter, we are obliged to sustain the objections filed to the nomination papers of the Socialist Party, purporting to nominate J. Mahlon Barnes for State Treasurer and Charles Heydrick for Justice of the Supreme Court."

We are of opinion that the appellation or party designation "Roosevelt Protectives" is so akin to "Roosevelt Progressive Party", which had the exclusive right to the political appellation, that the voter might easily be misled or confused in casting his vote, and that is just what the ballot law aims to avoid.

Wherefore we are of opinion that the objections should be sustained and the nomination papers filed by the preëmptors of the "Roosevelt Protectives" should be stricken off.

And now, September 28, 1932, upon due consideration the objections to the nomination papers of the "Roosevelt Protectives" are hereby sustained, and the prothonotary is directed to certify this judgment to the Secretary of the Commonwealth.

From Homer L. Kreider, Harrisburg, Pa.